UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Sasha Warrior,<br><br>      Plaintiff,<br><br> – against–<br><br><br><br>USAA Federal Savings Bank, Equifax Information Services, LLC, and Experian Information Solutions, Inc.,<br><br>      Defendant(s). | Civil Action No. 5:20-cv-00113<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Sasha Warrior (hereinafter "Plaintiff"), by and through her attorneys, The Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, USAA Federal Savings Bank ("USAA"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

### PARTIES

2. Plaintiff, Sasha Warrior, is an adult citizen of Oklahoma.
3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.
4. Defendant USAA is a corporation organized and existing under the laws of Texas that furnishes consumer credit information to consumer reporting agencies.
5. Defendant Equifax is a limited liability company doing business throughout the country and in the state of Texas that engages in the business of maintaining and reporting consumer credit information.

1

6. Defendant Experian is a corporation doing business throughout the country and in the state of Texas that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.
8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Texas.

## FACTUAL ALLEGATIONS

9. Defendant USAA issued a credit card account originally ending in 0769, currently ending in 6355 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.
10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.
11. On or about December 31, 2018, USAA issued a 1099-C discharging $12,596.74 for the above referenced account. A redacted copy of the 1099-C is attached hereto as Exhibit A.
12. However, nearly a year later, Plaintiff's USAA account continued to be negatively reported, under the current account number ending in 6355.
13. In particular, on a requested credit report dated October 14, 2019, Plaintiff's USAA account was reported with a status of "CHARGE OFF", a balance of $12,596.00, and a past due balance of $12,596.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit B.
14. This trade line was inaccurately reported. As evidenced by the 1099-C, the debt was discharged, and the account has a balance of $0.00.
15. On or about October 24, 2019, Plaintiff, via her attorney at the time, notified Equifax and Experian directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's USAA account. A redacted copy of this letter and the certified mail receipts are attached hereto as Exhibit C.
16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by USAA to Equifax and Experian via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.
17. In December 2019, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's USAA account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the December 2019 credit report is attached hereto as Exhibit D.

18. Equifax and Experian did not notify USAA of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify USAA and USAA failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.
19. If USAA had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's USAA account would have been updated to reflect a "settled" status with a balance of $0.00.
20. Despite the fact that USAA has promised through its subscriber agreements or contracts to accurately update accounts, USAA has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.
21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax and Experian.
22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.
23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
25. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).
26. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).
27. USAA is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.
28. USAA is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.
29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.
30. USAA failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).
31. USAA failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Equifax and Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.
33. Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).
34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.
35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## **DEMAND FOR JURY TRIAL**

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants as follows:
1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and
4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted, this the 30th day of January, 2020.

**SASHA WARRIOR**

/s/ Thomas Bellinder
Thomas Bellinder, Esquire (Bar No. 24098794)
The Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
(866) 707-4595
*Counsel for Plaintiff*